UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY HARRAGHY, for himself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>ARAMARK SERVICES, INC., F/K/A ARAMARK CORPORATION,<br><br>    Defendant. | Case No. 2:25-cv-04566-CMR<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Corey Harraghy ("Plaintiff"), on behalf of himself and all other similarly situated individuals (the "Class Members") against Aramark Services, Inc., f/k/a Aramark Corporation ("Defendant" or "Aramark") brings this action based upon personal knowledge of the facts pertaining to himself, and on information and belief as to all other matters, by and through the investigation of undersigned counsel.

**NATURE OF THE ACTION**

1. Mass. Gen. Laws ch. 149, § 19B(2)(b) requires all applications for employment within the Commonwealth to contain a notice of job applicants' and employees' rights concerning lie detector tests.

2. Despite this abundantly clear mandate, until recently,[1] Defendant did not provide such written notice of rights in its Massachusetts job applications.

3. Under Mass. Gen. Laws ch. 149, § 19B(4), persons aggrieved by a violation of Mass. Gen. Laws ch. 149, § 19B(2) have a private right of action for such violations, for injunctive relief and damages, including minimum statutory damages of $500 per violation.

4. Mass. Gen. Laws ch. 149, § 19B(4) also expressly authorizes class actions, providing that a civil action may be brought by a person "in his own name and on his own

---

[1] On information and belief, not until approximately March 2025.

behalf, or for himself and, for other [sic] similarly situated."

5.      Thus, pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff brings this action, on behalf of himself and those similarly situated, to redress Defendant's violations of Mass. Gen. Laws ch. 149, § 19B(2)(b).

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A). There are more than 100 Class Members, the aggregate claims of all members of the proposed Class exceed $5,000,000.00, exclusive of interest and costs, and at least one Class Member is a citizen of a state different than Defendant.

7.      This court has personal jurisdiction over Defendant because Defendant is domiciled in the Commonwealth of Pennsylvania.

8.      Venue is proper in District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## THE PARTIES

*Plaintiff Harraghy*

9.      Plaintiff Corey Harraghy is a citizen of Massachusetts who resides in Boston, Massachusetts.  In or around October 2023, while located in Massachusetts, Plaintiff applied to work as an Aramark General Manager at Milton Academy, which is in Milton, Massachusetts. However, in his Aramark Massachusetts-based job application, Plaintiff was not provided the notice of his rights concerning lie detector tests that is required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

*Defendant*

10.     Defendant Aramark Services, Inc., f/k/a Aramark Corporation, is a Delaware corporation with its principal place of business at 2400 Market Street, Philadelphia, Pennsylvania 19103.

//

//

2

## FACTUAL ALLEGATIONS

**A.      Defendant Violated the Massachusetts Lie Detector Statute**

11.      On December 16, 1985,[2] Massachusetts enacted 1985 Mass. Acts Chapter 587,[3] introduced as HB 6908[4] and codified at Mass. Gen. Laws ch. 149, § 19B.

12.      Mass. Gen. Laws ch. 149, § 19B(2)(b) provides:

> All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:
>
> "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."

13.      In plain violation of the law, until recently, Defendant did not provide such written notice of rights in its applications for Aramark Massachusetts-based jobs.

14.       Indeed, until recently, searches for the terms "lie detector" and/or "condition of employment" on Defendant's websites listing job openings, information, and applications – careers.aramark.com and aramarkcareers.com – yielded no results.

15.      Plaintiff's counsel surveyed numerous job applications that Defendant has made publicly available via careers.aramark.com and aramarkcareers.com.  Until recently, **<u>none</u>** of Defendant's job applications viewed by Plaintiff's counsel complied with Mass. Gen. Laws ch. 149, § 19B(2)(b).  *See* Ex. 1.[5]

16.      Plaintiff and Class members were aggrieved because they were bona-fide applicants for jobs with Aramark, and Aramark deprived them of their statutorily guaranteed right to the notice provided for by Mass. Gen. Laws ch. 149, § 19B(2)(b).

---

[2] *See, e.g.*, 1985 Bill History of the Commonwealth of Massachusetts at p. 3388 (https://archives.lib.state.ma.us/bitstream/handle/2452/796446/1985-House-03-BillHistory.pdf).

[3] https://archives.lib.state.ma.us/handle/2452/40042.

[4] http://archives.lib.state.ma.us/handle/2452/602897.

[5] Ex. 1 pertains to job ID 562844 (formerly available at https://careers.aramark.com/job/?req_id=562844).

B.   **The Statute Provides For A Private Right of Action When A Defendant Fails To Give The Required Notice**

17.   The "Statute authorizes suit by '[a]ny person aggrieved by a violation of subsection (2),' **which includes the notice requirement**."  *Baker v. CVS Health Corporation*, 717 F.Supp.3d 188, 193 (D. Mass., 2024) (citing Mass. Gen. Laws ch. 149, § 19B(4); Mass. Gen. Laws ch. 149, § 19B(2)(b)) (emphasis added).

18.   This is confirmed by, *inter alia*, the Massachusetts Acts and Resolves – which "are chronological compilations of laws passed by the Massachusetts General Court within a particular legislative session[] . . . [and] provide the exact text of the law passed by the legislature[.]"[6]  Specifically, 1985 Mass. Acts Chapter 587[7] (Mass. Gen. Laws ch. 149, § 19B's implementing Act) – which was signed by the Governor on December 16, 1985[8] – makes it crystal clear that paragraph (b)'s notice requirement is part of subsection (2), reading: "Paragraph (b) of subsection two of section nineteen B of chapter one hundred and forty-nine of the General Laws, as appearing in section one of this act, shall take effect on September thirtieth, nineteen hundred and eighty-six."[9]

19.   The Massachusetts General Court's "Legislative Research and Drafting Manual"[10] (the "Manual") provides even further clarification.  The Manual states, "[a]ll laws are organized by chapters and then sections of those chapters. The sections may be further broken down by subsections, clauses, paragraphs, subparagraphs, divisions, subdivisions and, ultimately, sentences and words."[11]  The Manual includes an illustration of this:[12]

---

[6] https://www.mass.gov/guides/guide-to-compiling-a-massachusetts-legislative-history.

[7] https://archives.lib.state.ma.us/bitstream/handle/2452/40042/1985acts0587.pdf?sequence=4&isAllowed=y.

[8] *See* 1985 Bill History at p. 3388 (https://archives.lib.state.ma.us/bitstream/handle/2452/796446/1985-House-03-BillHistory.pdf?sequence=15&isAllowed=y).

[9] https://archives.lib.state.ma.us/bitstream/handle/2452/40042/1985acts0587.pdf?sequence=4&isAllowed=y.

[10] https://archives.lib.state.ma.us/bitstream/handle/2452/47796/ocn549554381.pdf.

[11] *Id.* at 4.

[12] *Id.* at 5.

> Section 1
>     (a)- followed by (b),(c), etc.- normally referred to as subsections
>         (1)- followed by (2),(3), etc.- normally referred to as paragraphs
>             (i)- followed by (ii),(iii), etc.- normally referred to as clauses
>                 (A)- followed by (B),(C), etc.- normally referred to as subclauses

20. As shown, per the Manual, Massachusetts statutory drafters "[d]esignate each subsection, paragraph, subparagraph or clause by a letter **or** number[;]"[13] a number/letter-alternating "pattern [is] used in the General Laws[.]"[14] In the Statute, the General Court established a "numbered" subsection – subsection (2). Then, it proceeded to the next step in the pattern, establishing a "lettered" paragraph – paragraph (b). So Mass. Gen. Laws ch. 149, § 19B(2)(b) is ordered as: Chapter: 149; Section: 19B; Subsection: (2); Paragraph: (b).

21. Thus, § 19B(4)'s "any person aggrieved by a violation of subsection (2)" language clearly describes a person in Plaintiff's position: a job applicant who has suffered the infringement of their legal right to the notice required under Mass. Gen. Laws ch. 149, § 19B(2)(b).

22. The Statute's history further underscores this intent. The Statute has been amended three times:

- 1959 Mass. Acts Chapter 255, reading:[15]
  - No employer shall require or subject any employee to any lie detector tests as a condition of employment or continued employment. Any person violating this section shall be punished by a fine of not more than two hundred dollars.
- 1963 Mass. Acts Chapter 797, reading:[16]
  - Any employer who subjects any person employed by him, or any person applying for employment, to a lie detector test, or causes, directly or indirectly, any such employee or applicant to take a lie detector test, shall be punished by a fine of not more than two hundred dollars. This section shall not apply to lie detector tests administered by law enforcement agencies in the performance of their official duties.

---

[13] *Id.*

[14] *Id.*

[15] https://archives.lib.state.ma.us/server/api/core/bitstreams/61dec0d4-05d0-4fcd-92f9-4a84258e290b/content.

[16] https://archives.lib.state.ma.us/server/api/core/bitstreams/9bdddc1d-e3b3-43c3-8f00-50cf252e4902/content.

- 1973 Mass. Acts Chapter 620, reading:[17]
  - Any employer who subjects any person employed by him, or any person applying for employment, including any person applying for employment as a police officer, to a lie detector test, or requests, directly or indirectly, any such employee or applicant to take a lie detector test, shall be punished by a fine of not more than two hundred dollars. This section shall not apply to lie detector tests administered by law enforcement agencies as may be otherwise permitted in criminal investigations.
- 1985 Mass. Acts Chapter 587 – the present-day Statute.[18]

23. The fact that the Massachusetts General Court deliberately added Mass. Gen. Laws ch. 149, § 19B(2)(b)'s requirement – that "[a]ll applications for employment within the commonwealth [] contain the [specified] notice … in clearly legible print[]" – to a 26-year-old law is proof that § 19B(2)(b) addresses an area of substantial concern to the Legislature. The very addition of § 19B(2)(b) to the Statue evinces its importance.

## CLASS ACTION ALLEGATIONS

24. Plaintiff seeks certification of the following class: All persons who applied for a Massachusetts-based position of employment with Defendant (the "Class").

25. Plaintiff reserves the right to modify the Class definition, including by using subclasses, as appropriate based on further investigation and discovery obtained in the case.

26. The following people are excluded from the Class: (1) any Judge presiding over this action and members of her or her family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest (including current and former employees, officers, or directors); (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

---

[17] https://archives.lib.state.ma.us/server/api/core/bitstreams/0604de11-8941-483f-8237-87e41a0f824c/content.

[18] https://archives.lib.state.ma.us/server/api/core/bitstreams/81762855-7e75-4208-8860-9a17aca5e612/content.

27. **Numerosity.** The number of persons within the Class is substantial and believed to amount to thousands of persons. It is, therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class render joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation. Moreover, the Class is ascertainable and identifiable from Defendant's records.

28. **Commonality and Predominance.** There are well-defined common questions of fact and law that exist as to all members of the Class and that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary between members of the Class, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following: whether Defendant's conduct as alleged herein violates Massachusetts law, including the provisions of Mass. Gen. Laws ch. 149, § 19B(2)(b); whether Plaintiff and Class members are entitled to damages and if so, in what amount; and whether Plaintiff and the other members of the Class are entitled to equitable relief, including but not limited to injunctive or declaratory relief.

29. **Typicality.** The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, applied for Massachusetts-based employment with Defendant. In his application for employment with Defendant, Plaintiff – like the rest of the Class – was not furnished the notice of rights that is required by Mass. Gen. Laws ch. 149, § 19B(2)(b).

30. **Adequate Representation.** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class members he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

31. **Superiority.**  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of members of the Classes.  Each individual member of the Class may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CLAIMS FOR RELIEF

### COUNT I
### Declaratory and Injunctive Relief

32. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

33. Absent injunctive relief, Defendant may continue to violate the law and infringe upon the rights of Massachusetts job applicants.

34. Plaintiff asks this court to declare Defendant's conduct unlawful and enjoin Defendant from using and disseminating job application materials that do not comply with Mass. Gen. Laws ch. 149, § 19B(2)(b).

### COUNT II
### Violation of Mass. Gen. Laws ch. 149, § 19B(2)(b)

35. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above as though fully set forth herein.

36. Massachusetts law explicitly requires that companies soliciting applications for employment include the following language on all Massachusetts job applications: "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of

8

employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."  Mass. Gen. Laws ch. 149, § 19B(2)(b).

37. Until recently, Defendant did not include this statutorily-required language in its Massachusetts job applications, including the job applications filled out by Plaintiff and Class members.

38. Pursuant to Mass. Gen. Laws ch. 149, § 19B(4), Plaintiff and Class members seek statutory damages of not less than five hundred dollars per violation and reasonable attorney's fees and costs as a result of Defendant's violations of Mass. Gen. Laws ch. 149, 19B(2)(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. Determining that this action is a proper class action;

b. For an order certifying the Class, naming Plaintiff as representative of the Class, and naming Plaintiff's attorneys as Class Counsel to represent the Class;

c. For an order declaring that Defendant's conduct violates the statute referenced herein;

d. For an order finding in favor of Plaintiff and the Class, on all counts asserted herein;

e. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

f. For prejudgment interest on all amounts awarded;

g. For an order of restitution and all other forms of equitable monetary relief;

h. For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign; and

i. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable in this action.

Dated:  September 8, 2025                    Respectfully submitted,

                                              **EAST END TRIAL GROUP LLC**

                                              */s/ Kevin W. Tucker*
                                              Kevin W. Tucker (PA 312144)
                                              Kayla Conahan (PA 329529)
                                              6901 Lynn Way, Suite 503
                                              Pittsburgh, PA 15208
                                              Tel. (412) 877-5220
                                              Fax. (412) 626-7101
                                              ktucker@eastendtrialgroup.com
                                              kconahan@eastendtrialgroup.com

                                              **BURSOR & FISHER, P.A.**
                                              Joseph I. Marchese*
                                              Matthew A. Girardi*
                                              Julian C. Diamond*
                                              1330 Avenue of the Americas, 32nd Floor
                                              New York, NY  10019
                                              Telephone: (646) 837-7150
                                              Facsimile: (212) 989-9163
                                              Email: jmarchese@bursor.com
                                              mgirardi@bursor.com
                                              jdiamond@bursor.com

                                              *Pro Hac Vice Application Forthcoming

                                              *Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

     I hereby certify that on September 8, 2025, I electronically filed the foregoing document through the Court's CM/ECF system, which is designed to provide notice of the filing to the registered participants as identified on the Notice of Electronic Filing.

                                            Respectfully Submitted,

Dated: September 8, 2025                */s/ Kevin W. Tucker*
                                                 Kevin W. Tucker