## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COREY HARRAGHY, for himself and others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ARAMARK SERVICES, INC., f/k/a ARAMARK CORPORATION,**<br><br>**Defendant.** | **CIVIL ACTION NO. 25-4566** |

### MEMORANDUM OPINION

**Rufe, J.**                   **June 25, 2026**

Massachusetts law prohibits employers from subjecting employees to lie detector tests as a condition of employment. In 1985, the Massachusetts Legislature revised the statute outlawing this practice by requiring employers to notify applicants of their lie-detector rights.[1] The amended statute allows private actions by "[a]ny person aggrieved" and punishes violators through a monetary fine.[2] Seizing upon the 1985 amendment, Plaintiff Corey Harraghy filed this putative class action against Defendant Aramark Services for omitting the lie-detector notice from its job application form. Aramark has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Since Plaintiff is not a "person aggrieved," he lacks standing to sue, and the Motion to Dismiss will be granted.

---

[1] An Act Further Regulating the Use of Lie Detectors, So-Called, 1985 Mass. Acts 894-895 (codified at Mass. Gen. Laws ch. 149, § 19B).

[2] Mass. Gen. Laws ch. 149, § 19B(3), (4).

I.      **BACKGROUND**[3]

Plaintiff is a Massachusetts citizen.[4] Aramark is a corporation incorporated in Delaware, with a principle place of business in Philadelphia, Pennsylvania.[5] In or around October 2023, Plaintiff applied for an Aramark General Manager position at Milton Academy in Milton, Massachusetts.[6] In the job application form, Aramark omitted the following lie-detector notice required by Massachusetts General Laws ("G.L.") ch. 149, § 19B(2)(b):

> It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability.[7]

Plaintiff further alleges, "Until recently, none of [Aramark's] job applications viewed by Plaintiff's counsel complied with [G.L.] ch. 149, § 19B(2)(b)."[8]

Plaintiff filed a Complaint in Pennsylvania state court individually and on behalf of a class of persons who applied for Massachusetts-based jobs at Aramark without notice of their lie-detector rights.[9] Aramark removed the case to federal court pursuant to the Class Action Fairness Act.[10] On September 8, 2025, Plaintiff filed a First Amended Class Action Complaint, asserting that Aramark violated G.L. ch. 149, § 19B(2)(b) by failing to advise him that Aramark was prohibited from requiring lie-detector tests as a condition of employment (Count 2).[11] He

---

[3] The facts informing this Opinion are drawn from the well-pleaded allegations in the First Amended Class Action Complaint. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

[4] First Amended Class Action Complaint ("FAC") ¶ 9 [Doc. No. 14].

[5] *Id.* ¶ 10.

[6] *Id.* ¶ 9.

[7] Mass. Gen. Laws ch. 149, § 19B(2)(b); *see* FAC ¶¶ 11-16 [Doc. No. 14].

[8] FAC ¶ 15 [Doc. No. 14] (emphasis omitted). One such example of an application form for a Massachusetts-based job is attached to the First Amended Class Action Complaint. *Id.*, Ex. 1 [Doc. No. 14-1]

[9] Notice of Removal, Ex. A [Doc. No. 1-2].

[10] Notice of Removal [Doc. No. 1]; *see* 28 U.S.C. §§ 1332(d)(2), 1453.

[11] FAC ¶¶ 35-38 [Doc. No. 1].

also seeks a declaration that Aramark's conduct was unlawful and an injunction enjoining use of the deficient job application materials (Count 1).[12]

Plaintiff does not allege that he or any member of the putative class was ever employed at Aramark or subjected to a lie-detector test.

## II.   LEGAL STANDARD

Aramark moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). In analyzing a Rule 12(b)(6) motion, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."[13] The court's task is to determine whether those well-pleaded facts, accepted as true, "state a claim to relief that is plausible on its face."[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] The court must "draw all reasonable inferences in favor of the non-moving part[y]."[16]

In seeking dismissal, Aramark posits that Plaintiff lacks statutory standing under G.L. ch. 149, § 19B.[17] Statutory standing differs from Article III standing.[18] Whereas Article III standing implicates a court's "statutory or constitutional *power* to adjudicate the case,"[19] statutory standing draws upon "whether Congress has accorded a particular plaintiff the right to sue under

---

[12] *Id.* ¶¶ 32-34.

[13] *Fowler*, 578 F.3d at 210-11.

[14] *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15] *Id.* at 678.

[16] *Geness v. Admin. Off. of Pa. Cts.*, 974 F.3d 263, 269 (3d Cir. 2020) (quoting *M.A. ex rel. E.S. v. State-Operated Sch. Dist. of Newark*, 344 F.3d 335, 340 (3d Cir. 2003)) (alteration in original).

[17] Def.'s Mem. L. Supp. Mot. Dismiss ("Def.'s Mem. L.") at 6 [Doc. No. 16-1].

[18] *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125-28 & n.4 (2014) (calling "statutory standing" a more accurate term for what courts have referred to as "prudential standing").

[19] *Id.* at 128 n.4 (quoting *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642-43 (2002)).

a statute."[20] Put differently, "[s]tatutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury."[21] A challenge to statutory standing thus questions the validity of the plaintiff's claim and is "brought pursuant to Rule 12(b)(6), rather than Rule 12(b)(1)."[22]

## III.  DISCUSSION

G.L. ch. 149, § 19B serves a dual function: it prohibits employers from requiring lie detector tests as a condition of employment and requires them to notify applicants of the illegality of this practice. The statute reads, in relevant part:

> (2) It shall be unlawful for any employer or his agent, with respect to any of his employees . . . to subject such person to, or request such person to take a lie detector test within or without the commonwealth, or to discharge, not hire, demote or otherwise discriminate against such person for the assertion of rights arising hereunder. . . .
>
> . . . .
>
> (b) All applications for employment within the commonwealth shall contain the following notice which shall be in clearly legible print:
>
> "It is unlawful in Massachusetts to require or administer a lie detector test as a condition of employment or continued employment. An employer who violates this law shall be subject to criminal penalties and civil liability."
>
> (3) Any person who violates any provision of this section shall be punished by a fine of not more than one thousand dollars nor less than three hundred dollars. . . .
>
> . . . .
>
> (4) Any person aggrieved by a violation of subsection (2) may institute within three years of such violation and prosecute in his own name and on his own behalf, or for himself and for other similarly situated, a civil action for injunctive relief and any damages thereby incurred . . . .[23]

---

[20] *Leyse v. Bank of Am. N.A.*, 804 F.3d 316, 320 (3d Cir. 2015).

[21] *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007).

[22] *Leyse*, 804 F.3d at 320.

[23] Mass. Gen. Laws ch. 149, § 19B(2)-(4).

Plaintiff presumes that § 19B(4) allows suits by individuals whose sole injury is that they applied for a job without receiving the notice required by § 19B(2).[24] Aramark disagrees and offers two arguments for dismissal. First, it contends that Plaintiff is not a "person aggrieved" under § 19B(4).[25] Second, it argues that § 19B does not support a private right of action to enforce the notice requirement.[26]

### A.  Whether Plaintiff Is a "Person Aggrieved" Under Section 19B(4)

Aramark's first argument raises an issue of statutory interpretation—namely, whether an individual like Plaintiff who was not subjected to a lie detector test, nor asked to submit to one, is a "person aggrieved" by having completed a job application that omitted the lie-detector notice. The Court does not consider this question on a blank slate. At least four Massachusetts Superior Court decisions have found that applicants who were not subjected to a lie detector test were not "person[s] aggrieved by a violation of subsection (2)."[27] Although only decisions of a state's highest court bind this Court's interpretation of state law, decisions of lower state courts are informative where, as here, the state's highest court has not resolved the interpretive question.[28]

When interpreting state law, federal courts invoke the state's rules of statutory interpretation.[29] Like most courts, Massachusetts courts start with an analysis of plain

---

[24] FAC ¶ 21 [Doc. No. 14].

[25] Def.'s Mem. L. at 5-7 [Doc. No. 16-1].

[26] *Id.* at 7-15.

[27] *Ababio v. Nike Retail Servs. Inc.*, No. 2584CV01134-BLS-1 (Mass. Sup. Ct. Suffolk Cnty. Nov. 25, 2025) [Doc. No. 19-1]; *Whitney v. Hertz Crop.*, No. 2584CV01165-BLS-2 (Mass. Sup. Ct. Suffolk Cnty. Dec. 1, 2025) [Doc. No. 20-1]; *Landolfi v. Abercrombie & Fitch Co.*, No. 2584CV01158-BLS-2 (Mass. Super. Ct. Suffolk Cnty. Feb. 5, 2026) [Doc. No. 23-1]; *Forbes v. AT&T Mobility Servs. LLC*, No. 2584CV00611-BLS-2 (Mass. Super. Ct. Suffolk Cnty. Feb. 5, 2026) [Doc. No. 23-2].

[28] *State Farm Mut. Auto. Ins. Co. v. Coviello*, 233 F.3d 710, 713 (3d Cir. 2000).

[29] *See In re Trs. of Conneaut Lake Park, Inc.*, 855 F.3d 519, 523 (3d Cir. 2017).

language.[30] The Massachusetts Supreme Judicial Court explains, "We do not 'interpret words in a statute in isolation'; rather, we 'must look to the statutory scheme as a whole so as to produce an internal consistency within the statute.' "[31] Extrinsic sources are relevant only if the statute's plain language is ambiguous.[32]

Section 19B does not include a definition for "person aggrieved." Accordingly, following Massachusetts precedent, this Court discerns its meaning by looking to other uses of "person aggrieved" in the Massachusetts General Laws.[33] In *Ababio*, the Massachusetts Superior Court studied how courts construed "person aggrieved" as it appears in the Zoning Act,[34] the Massachusetts Administrative Procedures Act,[35] employment discrimination legislation,[36] and the statutory section authorizing appeals from Insurance Commissioner decisions.[37] From its review of Massachusetts Supreme Judicial Court decisions in those contexts, the court in *Ababio* held that a "person aggrieved" is one who "suffer[s] some infringement of their legal rights" and whose proffered injury is "within the statute's zone of concern," "caused by the statutory violation," "more than minimal or slightly appreciable," and not merely "speculative."[38]

---

[30] *Vita v. New England Baptist Hosp.*, 243 N.E.3d 1185, 1194 (Mass. 2024).

[31] *Id.* (quoting *Outfront Media LLC v. Assessors of Bos.*, 231 N.E.3d 313, 321 (Mass. 2024)).

[32] *Id.* at 1194-95 (citing *Six Bros., Inc. v. Town of Brookline*, 228 N.E.3d 565, 573 (Mass. 2024); *HSBC Bank USA, N.A. v. Morris*, 190 N.E.3d 485, 494 (Mass. 2022).

[33] *See Ginther v. Comm'r of Ins.*, 693 N.E.2d 153, 157 (Mass. 1998) (interpreting "person aggrieved" in G.L. ch. 175, § 206D(f)(1) based on how it was construed in statutes dealing with employment discrimination, administrative appeals, and zoning appeals).

[34] Mass. Gen. Laws ch. 40A, § 17.

[35] Mass. Gen. Laws ch. 30A, § 14.

[36] Mass. Gen. Laws ch. 151B, § 5.

[37] Mass. Gen. Laws ch. 175, § 206; *See Ababio*, No. 2584CV01134-BLS-1, at *8-11.

[38] *Ababio*, No. 2584CV01134-BLS-1, at *11; *see also Wendy's Old Fashioned Hamburgers of N.Y., Inc. v. Bd. of Appeal of Billerica*, 909 N.E.2d 1161, 1169-70 (Mass. 2009) ("Injuries that are speculative, remote, and indirect are insufficient to confer standing" when the statute limits suits to a "person aggrieved")*; Landolfi*, No. 2584CV01158-BLS-2, at *4 (adopting the interpretation from *Ababio*).

This Court agrees with those criteria. When the Legislature enacted the language of § 19B(4) in 1985, it was already evident that a "person aggrieved" was someone whose injuries were direct and substantial, not merely one whose interests were conceivably or incidentally impaired.[39] It is reasonable to presume that the Legislature knew of this meaning established by decisional law.[40] And after § 19B(4)'s enactment, the Massachusetts Supreme Judicial Court reinforced its understanding of the term by cautioning that speculative injuries fall short of personal aggrievement.[41]

Applied here, the criteria for a "person aggrieved" are not met. Plaintiff did not plausibly allege a harm that was direct and substantial, nor one that is more than minimal or slightly appreciable. Nothing in the First Amended Class Action Complaint indicates that he worked for Aramark, much less that his employment was contingent on submitting to a lie detector test. Plaintiff's entire action is premised on the fact that Aramark violated § 19B(2)(b) by omitting the lie-detector notice. But Plaintiff did not say how the lack of notice injured him, stating only that the "[c]lass members were aggrieved because they were bona-fide applicants for jobs with Aramark, and Aramark deprived them of their statutorily guaranteed right to the notice."[42] By analogy to personal aggrievement in the zoning context, Plaintiff's allegation cannot suffice

---

[39] *Group Ins. Comm'n v. Labor Relations Comm'n,* 408 N.E.2d 851, 854 (Mass. 1980) ("[T]o maintain an action for review, a party must be aggrieved in a 'legal sense' and show that 'substantial rights' have been 'prejudiced.' ") (quoting *Duato v. Comm'r of Pub. Welfare*, 270 N.E.2d 782, 784 (Mass. 1971)); *id.* at 855 ("Not every person whose interests might conceivably be adversely affected is entitled to review"); *see also Mass. Elec. Co. v. Mass. Comm'n Against Discrimination*, 375 N.E.2d 1192, 1204 (Mass. 1978) ("To qualify as a 'person aggrieved,' a person must allege substantial injury as the direct result of the action complained of.").

[40] *See Landolfi*, No. 2584CV01158-BLS-2, at *4 (quoting *Commonwealth v. Rezendes*, 37 N.E.3d 672, 676 (Mass. App. Ct. 2015)).

[41] *See, e.g.*, *Stone v. Zoning Bd. of Appeals*, 263 N.E.3d 818, 828 (Mass. 2025) ("[A]ggrievement requires a showing of more than minimal or slightly appreciable harm, and the plaintiff's claimed injury must be more than speculative" (citations and internal quotation marks omitted)).

[42] FAC ¶ 16 [Doc. No. 14].

because, "establishing standing requires a plaintiff to do more than merely allege . . . a violation."[43] As a result, Plaintiff is not a "person aggrieved."[44]

Plaintiff's citation to *Kenn v. Eascare, LLC*[45] does not suggest a different result. In *Kenn*, the Massachusetts Appeals Court held that a job applicant had standing because she alleged that the employer performed a background check in violation of the Fair Credit Reporting Act ("FCRA").[46] Unlike § 19B(4), however, the FCRA does not contain the "person aggrieved" language and instead confers statutory standing broadly through the statement, "any person who willfully fails to comply with any requirement imposed under this subchapter with respect to *any consumer is liable to that consumer*."[47] In short, *Kenn* cannot decide this case because it never interpreted the term "person aggrieved."[48]

Plaintiff also directs this Court to features in the legislative history that supposedly favor his reading of § 19B.[49] While that history evidences the Legislature's goal of deterring employment-based lie detector tests through the notice requirement, it does not disclose which

---

[43] *Murchison v. Zoning Bd. of Appeals of Sherborn*, 149 N.E.3d 334, 340 (Mass. 2020).

[44] *See Ababio*, No. 2584CV01134-BLS-1, at *13 ("Because plaintiffs cannot show that they suffered a harm from defendants' violation of the notice provision that is more than minimal or slightly appreciable, or a harm that is more than speculative, they do not qualify as 'persons aggrieved' by a violation of the Lie Detector Statute." (footnote omitted)); *Landolfi*, No. 2584CV01158-BLS-2, at *6 (entering judgment for defendant-employer since "[n]othing in § 19B(4) suggests that the Legislature was conferring on job applicants who have suffered no harm the right to bring suit whenever an employer neglects to provide notice that lie detector tests are illegal"); *Whitney*, No. 2584CV01165-BLS-2, at *2 (same).

[45] 226 N.E.3d 318 (Mass. App. Ct. 2024).

[46] *Id.* at 320 (citing 15 U.S.C. §§ 1681-1681w).

[47] *Id.* at 323 (quoting 15 U.S.C. § 1681n(a)(1)(A)) (emphasis added).

[48] Plaintiff relies on several cases in addition to *Kenn*. Pl.'s Opp'n Def.'s Mot. Dismiss ("Pl.'s Opp'n") at 4-5 [Doc. No. 17]. He cites *Hamani v. Commonwealth Off. of Pub. Safety & Sec.*, No. SUCV201303893, 2014 WL 7506859 (Mass. Super. Ct. Suffolk Cnty. Dec. 11, 2014) and *Garcia v. Right at Home, Inc.*, No. SUCV20150808BLS2, 2016 WL 3144372 (Mass. Super. Ct. Suffolk Cnty. Jan. 19, 2016), but those cases are outweighed by Superior Court decisions like *Ababio* and *Landolfi*, which addressed the exact facts and statute at issue. Nor does the Court follow *Lynch v. Signal Fin. Co.*, 327 N.E.2d 732 (Mass. 1975), which did not concern statutory standing, or *First Christian Church v. Brownell*, 123 N.E.2d 603 (Mass. 1955), which was expanded upon by the more recent Supreme Judicial Court cases cited in *Ababio*.

[49] Pl.'s Opp'n at 5-8 [Doc. No. 17].

class of individuals the Legislature deemed to be "persons aggrieved." Hence, to the extent the term "person aggrieved" is ambiguous, the Court finds the meaning attributed to it in analogous statutory contexts[50] more instructive than the legislative record.

In sum, Plaintiff did not plausibly establish statutory standing to sue Aramark for omitting the lie-detector notice, so Count 2 will be dismissed for failure to state a claim. Because Count 1 seeks relief based on Plaintiff's flawed assumption that he had statutory standing under § 19B(2)(b), it also fails to state a claim and will be dismissed. The Court strongly questions if Plaintiff could connect facts showing that he is a "person aggrieved," but will permit a curative amendment since its doubt on the matter is not so substantial as to entail a finding of futility.[51]

### B.    Scope of the Private Right of Action

Aramark also argues that the private right of action in § 19B(4) cannot encompass actions, like Plaintiff's, alleging violations of § 19B(2)(b).[52] It urges the Court to adopt this narrow reading based on excerpts from the legislative record and the comparatively nebulous language of the criminal enforcement provision, § 19B(3). As Aramark notes, § 19B(3) imposes criminal fines against "[a]ny person who violates any provision of this section," while § 19B(4) limits civil lawsuits to those by individuals who plead "a violation of subsection (2)."

The Court disagrees. While different wording generally suggests different meaning, the analogy to § 19B(3) does not render § 19B(4) ambiguous for three reasons. First, it is a well-accepted rule of legislative drafting that a subsection includes the paragraphs thereunder.[53]

---

[50] *E.g.*, *Stone*, 263 N.E.3d at 828.

[51] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) ("[U]nless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.").

[52] Def.'s Mem. L. at 7-15 [Doc. No. 16-1].

[53] *Ababio*, No. 2584CV01134-BLS-1, at *6-7.

9

Second, the Court must assume that the Legislature knew it could discriminate between a subsection and its corresponding paragraphs.[54] Had the Legislature sought to exclude § 19B(2)(b) from the private right of action, it could have used more precise terminology to distinguish the paragraphs. Finally, the dominant reading of § 19B(4) in Massachusetts courts is that the private right of action extends to all of subsection (2),[55] and that interpretation is persuasive in this Court's analysis.[56] Thus, § 19B(4) is susceptible to but one reasonable interpretation—that "a violation of subsection (2)" refers to all of subsection (2).[57] Aramark's citations to the legislative record are inapposite because the statute's plain language is conclusive.

Although Plaintiff's First Amended Class Action Complaint will be dismissed as set forth above, the Court concludes that the private right of action extends to all of subsection (2).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's First Amended Class Action Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted, and Plaintiff will be granted an opportunity to file an amended complaint. A corresponding order will follow.

---

[54] Massachusetts Gen. Ct., *Legislative Research and Drafting Manual*, pt. 2, § A(4) (5th ed. 2010) (differentiating sections, subsections, paragraphs, clauses, and subclauses); *cf. Matter of Expungement*, 179 N.E.3d 1081, 1088-89 (Mass. 2022) (noting the Legislature's use of internal references distinguishing between headings and subheadings).

[55] *Ababio*, No. 2584CV01134-BLS-1, at *7 ("[T]here is nothing inherently ambiguous, absurd, or nonsensical about subsections (3) and (4) providing criminal and civil remedies for the same scope of conduct."); *see also Landolfi*, No. 2584CV01158-BLS-2, at *3; *Baker v. CVS Health Corp.*, 717 F. Supp. 3d 188, 193 (D. Mass. 2024) ("[T]he Lie Detector Statute authorizes suit by '[a]ny person aggrieved by a violation of subsection (2),' which includes the notice requirement." (quoting Mass. Gen. Laws ch. 149, § 19B(4))).

[56] *See In re Trs. of Conneaut Lake Park*, 855 F.3d at 523.

[57] *See Ababio*, No. 2584CV01134-BLS-1, at *7; *Landolfi*, No. 2584CV01158-BLS-2, at *3.